**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CANDACE SMITH, | Case No. 1:26-cv-03582 KES FJS |
| Plaintiff, | ORDER DISMISSING THE ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND PRE-FILING RESTRICTIONS |
| v. | |
| FRESNO STATE POLICE, et al., | |
| Defendants. | |

## I.    BACKGROUND

The Court declared Candace Smith a vexatious litigant on June 12, 2025, and imposed pre-filing restrictions, including barring Smith from proceeding in forma pauperis in any matter in the United States District Court for the Eastern District of California. *Smith v. City of Fresno*, Case No. 1:25-cv-00420-JLT-BAM, Doc. 6. The Court ordered Smith to "pay the requisite filing fee in full to proceed in any new action in this Court." *Id.* at 17, ¶ 3. The Court also ordered:

> Any future complaint filed by Plaintiff in this Court **SHALL** include a cover page including the following: "PLAINTIFF WAS DECLARED A VEXATIOUS LITIGANT IN CASE NO. 1:25-cv-00420 JLT BAM."
>
> With any future complaint filed in this Court, Plaintiff **SHALL** file a declaration under penalty of perjury: (1) explaining why Plaintiff believes she has meritorious claims; (2) listing all previous actions she filed in this Court, including the named defendants and all claims made in the previous actions; (3) certifying that as to the newly submitted case that the defendants were not sued before, or

1

that any claims against the same defendants are not related to previous actions; and (4) stating the current claims are not frivolous or made in bad faith.

*Id.*, ¶¶ 4-5 (emphasis in original).  The Court informed Smith that if she failed to comply with these restrictions in a new action, "the action may be dismissed without screening for failure to comply with the pre-filing conditions."  *Id.*, ¶ 6.

On May 11, 2026, Smith initiated this action by filing a complaint against ten defendants, including individuals and entities named as defendants in other matters dismissed by this Court. Doc. 1; *see also Smith v. City of Fresno*, 2025 WL 1663599 at *3-9 (E.D. Cal. June 12, 2025) (reviewing Smith's litigation history and identifying the defendants and claims raised).  Smith did not include the cover page identifying herself as a vexatious litigant and did not provide a declaration regarding the claims raised in this action.  Smith also moved to proceed in forma pauperis.  Doc. 2.  Smith thus failed to comply with the pre-filing restrictions imposed on June 12, 2025.

## II.   DISCUSSION

In determining whether to dismiss an action as a sanction, courts must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

### A.   <u>Public interest</u>

The Ninth Circuit has noted that "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Thus, the public's interest weighs in favor of the imposition of terminating sanctions against Smith for her failure to comply with the pre-filing restrictions.

### B.   <u>Court's management of its docket</u>

District courts have inherent authority to manage their dockets without being subject to noncompliant litigants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  The Eastern District of California is one of the busiest federal jurisdictions in the United States and has one of

2

the heaviest caseloads in the country.  As a result, the Court's interest in managing its docket weighs in favor of sanctions. *See Gonzales v. Mills*, 2011 WL 976713, at *5 (E.D. Cal. Mar. 16, 2011) (finding the court's need to manage its docket favored terminating sanctions because the court "has a significantly impacted docket [that is overly congested" and cases that are stalled by the litigant conduct "aggravate the situation").  This factor favors dismissal.

### C.   Prejudice

The risk of prejudice to the defendants also weighs in favor of dismissal.  *See, e.g., Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).  Defendants undoubtedly suffer prejudice from Smith's vexatious litigation.  This factor also weighs in favor of dismissal.

### D.   Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986).  A court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement.  *See Malone v. U.S. Postal Service,* 833 F.2d 128, 133 (9th Cir. 1987); *Ferdik*, 963 F.2d at 1262.

In the order declaring Smith a vexatious litigant, the Court warned that matters may be dismissed without screening if she failed to pay the filing fee and failed to comply with the pre-filing restrictions.  Case No. 1:25-cv-00420-JLT-BAM, Doc. 6 at 17.  The Court need issue only one warning that sanctions may be imposed to satisfy the requirement to consider lesser sanctions.  *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction).  There also is no lesser sanction available given Smith's history of vexatious litigation.

### E.   Public policy

Although public policy generally weighs against dismissal, it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).  This factor is outweighed by the

3

other *Henderson* factors that favor dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors").

**III.    CONCLUSION AND ORDER**

Based upon the foregoing, the Court ORDERS:

1.    This action is DISMISSED without prejudice for failure to comply with the Court's order and pre-filing restrictions.

2.    The Clerk of Court is directed to terminate pending matters and close this case.

IT IS SO ORDERED.

Dated:    May 13, 2026

_____
UNITED STATES DISTRICT JUDGE